1 │ MELISSA ARMSTRONG (Tex. Bar No. 24050234)
  │   ArmstrongMe@sec.gov
2 │ 100 F Street, NE
  │ Washington, DC 20549
3 │ Telephone: (202) 551-4724
  │ Facsimile: (703) 772-9292
4 │
  │ MONIQUE WINKLER (Cal. Bar No. 213031)
5 │ BERNARD B. SMYTH (Cal. Bar No. 217741)
  │   SmythB@sec.gov
6 │ ROBIN ANDREWS (Ill. Bar No. 6285644)
  │   AndrewsR@sec.gov
7 │ 44 Montgomery Street, Suite 2800
  │ San Francisco, CA 94104
8 │ Telephone: (415) 705-2500
  │ Facsimile: (415) 705-2501
9 │
  │ Attorneys for Applicant
10 │ Securities and Exchange Commission
11 │
12 │
           **UNITED STATES DISTRICT COURT**
13 │
           **NORTHERN DISTRICT OF CALIFORNIA**
14 │
           **SAN FRANCISCO DIVISION**
15 │
16 │
   │ SECURITIES AND EXCHANGE COMMISSION,         Misc. No.
17 │
   │            Applicant,
18 │                                             **SECURITIES AND EXCHANGE**
   │        v.                                   **COMMISSION'S NOTICE AND**
19 │                                             **APPLICATION FOR AN ORDER**
   │ ELON MUSK,                                  **COMPELLING COMPLIANCE**
20 │                                             **WITH AN ADMINISTRATIVE**
   │            Respondent.                      **SUBPOENA AND**
21 │                                             **MEMORANDUM IN SUPPORT**
22 │                                             Date Filed:      October 5, 2023
23 │                                             Hearing Date:  November 9, 2023
24 │
25 │
26 │
27 │
28 │

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA

1

2

## TABLE OF CONTENTS

3

NOTICE AND APPLICATION ....................................................................................... 1

4
MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

5
I.     INTRODUCTION ................................................................................................ 2

6
II.    STATEMENT OF FACTS ................................................................................... 3

7
       A.    The SEC's Investigation and Respondent's Involvement ................................... 3

8
       B.    The SEC's May 2023 Subpoena to Respondent ..................................................... 4

9
       C.    Respondent's Failure to Comply with the SEC's Subpoena .............................. 5

10
III.   ARGUMENT .......................................................................................................... 6

11
       A.    This Court Has Jurisdiction to Enforce the SEC's Validly
12           Issued Administrative Subpoena in a Summary Proceeding .............................. 6

13
       B.    The SEC's Administrative Subpoena to Musk Should Be
             Enforced ............................................................................................................................. 7
14
       C.    Musk Has No Valid Basis for Failing to Comply with the
15           SEC's Subpoena ......................................................................................................... 10

16
IV.    CONCLUSION ................................................................................................... 12

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR ORDER COMPELLING               i
COMPLIANCE WITH SUBPOENA

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

4   *Administrator, US EPA v. Alyeska Pipeline Serv. Co*., 836 F.2d 443 (9th Cir. 1988) ......................... 9

5   *EEOC v. Fed. Exp. Corp*., 558 F.3d 842 (9th Cir. 2009) ....................................................... 9

6   *EEOC v. St. Regis Paper Co.-Kraft Div*., 717 F.2d 1302 (9th Cir. 1983) ............................... 6

7   *Endicott Johnson v. Perkins,* 317 U.S. 501 (1943) ................................................................ 9

8

9   *Flatt v. SEC,* Case No. 10-60073-MC, 2010 WL 1524328 (S.D. Fla. Apr. 14, 2010) ......................... 8

10  *Gewerter v. SEC,* Case No. 16-02556-PHX, 2016 WL 4074117 (D. Ariz. July 29, 2016) ................. 9

11  *Nelson v. SEC,* Case No. 08-80080-JF, 2008 WL 2444794 (N.D. Cal. June 16, 2008) ...................... 9

12

13  *RNR Enters., Inc. v. SEC*, 122 F.3d 93 (2d Cir. 1997) ........................................................ 7

14  *Rosiere v. SEC*, Case No. 09-01975-JCM, 2010 WL 489526 (D. Nev. Feb. 5, 2010) ......................... 8

15  *Sansend Fin. Consultants Ltd. v. Fed. Home Loan Bank Bd*., 878 F.2d 875 (5th Cir. 1989) .............. 8

16
    *SEC v. Blackfoot Bituminous, Inc*., 622 F.2d 512 (9th Cir. 1980) ................................... 7, 10
17

18  *SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047 (2d Cir. 1973) ................................... 7, 10

    *SEC v. Custodian of Records R.R. Donnelley & Sons Co*., Case No. 12-07331-SVW,
19      2012 WL 12930953 (C.D. Cal. Oct. 11, 2012) ............................................................ 6, 7

20  *SEC v. Harman Wright Group, LLC,* Case No. 18-00190-CMA,
        2018 WL 6102758 (D. Colo. Nov. 21, 2018) .............................................................. 7, 9
21

22  *SEC v. Jerry T. O'Brien, Inc*., 467 U.S. 735 (1984) ................................................................. 8

23  *SEC v. McCarthy*, 322 F.3d 650 (9th Cir. 2003) ................................................................... 6

24
    *SEC v. Musk,* Case No. No. 22-1291, 2023 WL 3451402 (2d Cir. May 15, 2023) ........................... 11
25

26  *SEC v. Obioha,* Case No. 12-80109-WHA, 2012 WL 4889286 (N.D. Cal. Oct. 12, 2012) ................ 7

27  *SEC v. Sprecher,* 594 F.2d 317 (2d Cir. 1979) ................................................................... 6

28

*SEC v. Tajyar,* Case No. 18-00113-DMG, 2018 WL 6313475 (C.D. Cal. Oct. 15, 2018) ................... 7

*United States v. Morton Salt Co.,* 338 U.S. 632 (1950) ........................................................ 8

*United States v. Jose,* 131 F.3d 1325 (9th Cir. 1997) ....................................................... 7, 10

*United States v. Powell,* 379 U.S. 48 (1964) ........................................................ 7

**REGULATIONS**

17 C.F.R § § 200.30-4(a)(1) ............................................................................................... 10

**STATUTES**

15 U.S.C. § 77s(b) ................................................................................................................ 3

15 U.S.C. § 77s(c) ............................................................................................................. 10

15 U.S.C. § 77t(a) ............................................................................................................... 8

15 U.S.C. § 77u(b) ............................................................................................................ 10

15 U.S.C. § 77v(b) .......................................................................................................... 1, 6

15 U.S.C. § 78u(b) ..................................................................................................... 3, 8, 11

15 U.S.C. § 78u(c) .......................................................................................................... 1, 6

1

## NOTICE AND APPLICATION

2      PLEASE TAKE NOTICE that on November 9, 2023 at 1:30 p.m., or as soon thereafter

3   as the matter can be heard, in the courtroom of the assigned General Duty Judge located at 450

4   Golden Gate Avenue, San Francisco, California, Applicant Securities and Exchange

5   Commission will and hereby does apply for an order compelling Respondent Elon Musk to

6   comply with the administrative subpoena issued by Applicant.

7      This is an administrative subpoena enforcement action. The Court has jurisdiction under

8   Section 22(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77v(b), and Section

9   21(c) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(c). Venue

10   is appropriate under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(b), and Section 21(c) of

11   the Exchange Act, 15 U.S.C. § 78u(c). This application is based on Respondent's failure to

12   comply with a valid administrative subpoena without excuse. This application is supported by

13   the accompanying Memorandum of Points and Authorities, the Declaration of Robin Andrews in

14   support thereof, the proposed order, and such further evidence and argument as the Court may

15   consider.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3      The Securities and Exchange Commission ("SEC" or "Commission") asks this Court to

4   compel Respondent Elon Musk to appear for investigative testimony pursuant to an SEC

5   investigative subpoena.

6      Musk failed to appear for testimony on September 15, 2023, as required by the

7   investigative subpoena served by the SEC, despite (1) in May 2023, agreeing to appear for

8   testimony on a date nearly four months later, in September 2023, (2) having been served with a

9   subpoena in May 2023 requiring his appearance for testimony in the SEC's San Francisco

10  Regional Office on that mutually agreed upon date in September, (3) raising no objection to the

11  subpoena at the time it was served or during the following months, and (4) approximately two

12  weeks before his scheduled testimony, requesting and receiving an accommodation to move his

13  scheduled testimony by one day. Instead, two days before his scheduled testimony, Musk

14  abruptly notified the SEC staff that he would not appear. Musk attempted to justify his refusal to

15  comply with the subpoena by raising, for the first time, several spurious objections, including an

16  objection to San Francisco as an appropriate testimony location.

17     Notwithstanding the specious nature of Musk's untimely objections, the SEC staff

18  attempted to negotiate in good faith with Musk to find an alternative date and location for his

19  testimony. The SEC staff offered to conduct Musk's testimony at the SEC's Fort Worth, Texas

20  office (the closest SEC office to Musk's current personal residence) or any other of the

21  Commission's offices, and proposed multiple dates in October and November 2023. These good

22  faith efforts were met with Musk's blanket refusal to appear for testimony.

23     The subpoena with which Musk failed to comply relates to an ongoing nonpublic

24  investigation by the SEC regarding whether, among other things, Musk violated various

25  provisions of the federal securities laws in connection with (1) his 2022 purchases of Twitter,

26

27

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA                    -2-

1   Inc. ("Twitter")[1] stock, and (2) his 2022 statements and SEC filings relating to Twitter. As

2   described below, the SEC seeks Musk's testimony to obtain information not already in the SEC's

3   possession that is relevant to its lawful investigation. The SEC has followed all appropriate

4   administrative steps required in seeking Musk's testimony. In the face of Musk's blatant refusal

5   to comply with the SEC's subpoena, the SEC now asks the Court to intervene and compel

6   Musk's compliance.

7                    **II.        STATEMENT OF FACTS**

8           **A.      The SEC's Investigation and Respondent's Involvement**

9           On April 14, 2022, the Commission issued an Order Directing Private Investigation and

10  Designating Officers to Take Testimony in an investigation titled *In the Matter of Certain*

11  *Purchases, Sales and Disclosures of Twitter Shares* (SEC File No. SF-4519) ("Formal Order").

12  *See* Declaration of Robin Andrews ("Andrews Decl."), ¶¶ 2, 5. On July 15, 2022, the

13  Commission issued a Corrected Order Directing Private Investigation and Designating Officers

14  to Take Testimony ("Corrected Formal Order") in that same investigation. Among other things,

15  the Formal Order and Corrected Formal Order authorize the SEC staff to investigate whether any

16  persons or entities may have violated the federal securities laws in connection with Musk's 2022

17  purchases of Twitter's stock, and his 2022 statements and SEC filings relating to Twitter.

18  Andrews Decl., ¶ 3. The Formal Order and Corrected Formal Order also designate and authorize

19  certain SEC staff to issue subpoenas in this investigation, to obtain documents, and to take

20  testimony. *See id.*, ¶ 5; 15 U.S.C. §§ 77s(b), 78u(b).

21          As part of its investigation in this matter, in June 2022, the SEC served Musk with a

22  subpoena seeking his testimony. Andrews Decl., ¶ 6. On July 12, 2022 and July 27, 2022, Musk

23  appeared for half-day sessions of testimony by videoconference. *Id.* Since Musk's last half-day

24  of testimony on July 27, 2022, the Commission has received thousands of new documents from

25

26  [1] Musk acquired Twitter through X Holding Corp., a corporation that he established. He
27  subsequently renamed Twitter, X Corp. As the conduct at issue in the SEC's investigation
    involves the period in which Twitter was a publicly traded stock, this memorandum refers to
28  the company as Twitter.

1    various parties as part of its investigation, including hundreds of new documents produced by

2    Musk. *Id.*, ¶ 7. Indeed, nearly half of the documents Musk has produced to the Commission in its

3    investigation were produced after Musk's last half-day session of testimony, including

4    documents Musk authored. *Id.* The SEC has not yet had an opportunity to question Musk about

5    those documents and other substantial information it has obtained in its investigation since July

6    27, 2022.

7              **B.      The SEC's May 2023 Subpoena to Respondent**

8              In light of the substantial new information the SEC obtained following Musk's last half-

9    day session of testimony, in April 2023, the SEC staff discussed with Musk's counsel the need

10   for Musk to appear for another day of testimony. *Id.*, ¶ 8. The SEC staff informed Musk's

11   counsel at that time that it intended to subpoena Musk for testimony in person at the SEC's San

12   Francisco Regional Office. *Id.* Although Musk's counsel informed the SEC staff of certain

13   scheduling conflicts between June and early August 2023, at no point during the April 2023

14   conversation did Musk's counsel object either to Musk's appearance for another day of

15   testimony or to having the testimony conducted in person in San Francisco. *Id.*

16             After multiple communications between the SEC staff and Musk's counsel in May 2023,

17   on May 23, 2023, Musk's counsel agreed that Musk would appear for investigative testimony on

18   September 14, 2023. *Id.*, ¶ 9. Later that same day, the SEC served a subpoena on Musk requiring

19   his attendance for testimony at the SEC's San Francisco Regional Office on September 14, 2023.

20   *Id.*, ¶ 9, Ex. 2. Musk did not raise any objection to the subpoena after having been served with it

21   on May 23, 2023. *Id.*, ¶ 10.

22             On August 28, 2023, just over two weeks prior to the September 14, 2023 date for

23   Musk's testimony, Musk's counsel requested that the SEC move Musk's testimony date from

24   September 14, 2023 to September 15, 2023. *Id.*, ¶ 11. In requesting that Musk's testimony be

25   moved a day, Musk's counsel raised no objection to Musk appearing for testimony or to San

26   Francisco as the location for Musk's testimony. *Id.* The SEC staff agreed to Musk's requested

27   accommodation and served him with a new subpoena requiring Musk to appear for testimony at

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA              -4-

1  the SEC's San Francisco Regional Office on September 15, 2023. *Id.*, Ex. 3. Between August 28,

2  2023 and September 13, 2023, Musk raised no objection to the subpoena, including as to the date

3  or location of Musk's testimony. *Id.*, ¶ 12.

4          **C.**       **Respondent's Failure to Comply with the SEC's Subpoena**

5         On September 13, 2023, Musk's counsel sent a letter informing SEC staff for the first

6  time that Musk would not appear for testimony on September 15, 2023, as previously agreed. *Id.*,

7  ¶ 13, Ex. 4. Musk's counsel also raised certain objections to the SEC's subpoena for the first

8  time, including an objection to San Francisco as the location for testimony. *Id.*

9         On September 14, 2023, the SEC responded to Musk's letter and addressed Musk's

10  stated objections. *Id.*, ¶ 14, Ex. 5. On September 15, 2023, Musk failed to appear for his

11  testimony as required by the SEC's subpoena. *Id.*

12         Following Musk's failure to comply with the SEC's subpoena, the SEC attempted to

13  negotiate a new date for Musk's testimony. On September 19, 2023, the SEC sent an email to

14  Musk's counsel offering to conduct Musk's testimony on certain dates in October 2023. *Id.*, ¶ 15,

15  Ex. 6. As one of Musk's stated objections was that the testimony was scheduled for San

16  Francisco – where, he complained, he "does not live" – the SEC also offered to conduct Musk's

17  testimony at the Commission's Fort Worth, Texas office (the closest office to Musk's residence)

18  or any of the other Commission offices across the country (there are eleven). *Id.*, ¶¶ 13, 15, Exs.

19  4, 6. On September 21, 2023, the SEC offered potential testimony dates in November 2023, in

20  addition to the dates in October 2023 that the SEC had already offered. *Id.*, ¶ 16, Ex. 7.

21         On September 24, 2023, Musk's counsel responded by informing the SEC that Musk

22  would not appear for testimony in any location. *Id.*, ¶ 17, Ex. 8. The next day, the SEC sent a

23  letter to Musk's counsel asking that Musk inform the Commission by September 29, 2023, if he

24  had reconsidered and would agree to appear for testimony. *Id.*, ¶ 18, Ex. 9. Musk did not do so.

25  *Id.*

26

27

28

1

### III.    ARGUMENT

2      Musk's ongoing refusal to comply with the SEC's administrative subpoena is hindering

3  and delaying the SEC staff's investigation to determine whether violations of the federal

4  securities laws have occurred. Accordingly, the SEC now asks the Court to compel Musk to

5  appear for investigative testimony.

6      **A.    This Court Has Jurisdiction to Enforce the SEC's Validly Issued**

7      **Administrative Subpoena in a Summary Proceeding**

8      When a subpoenaed party, such as Musk, refuses to comply with an SEC administrative

9  subpoena issued in the course of an investigation, the SEC is authorized to seek a court order

10 compelling compliance. *See* 15 U.S.C. §§ 77v(b), 78u(c). Section 22(b) of the Securities Act of

11 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange

12 Act") specifically grant jurisdiction over these subpoena enforcement actions to district courts.

13      Moreover, an SEC subpoena enforcement action may be brought in any federal court

14 "within the jurisdiction of which such investigation or proceeding is carried on." 15 U.S.C. §

15 78u(c); *see also* 15 U.S.C. § 77v(b). This Court is therefore the proper venue for this subpoena

16 enforcement action because the Commission's San Francisco Regional Office is conducting the

17 investigation at issue. *See SEC v. Custodian of Records R.R. Donnelley & Sons Co.*, Case No.

18 12-07331-SVW, 2012 WL 12930953, at *1 (C.D. Cal. Oct. 11, 2012) (holding U.S. District

19 Court for Central District of California was a proper court to consider subpoena enforcement

20 action in investigation conducted by the SEC's Los Angeles Regional Office).

21      The court may grant an application to enforce an investigative subpoena in a summary

22 proceeding. *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983) ("[a]

23 subpoena enforcement action is a summary procedure" with no discovery absent "exceptional

24 circumstances"); *see also SEC v. McCarthy*, 322 F.3d 650, 655-59 (9th Cir. 2003) (explaining

25 that Section 21(e) of the Exchange Act permits the court to enforce an SEC subpoena in a

26 summary proceeding "upon application from the Commission"); *SEC v. Sprecher*, 594 F.2d 317,

27 319-20 (2d Cir. 1979) (Section 22(b) of the Securities Act permits courts to enforce a subpoena

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA          -6-

1     in summary proceeding "upon application by the Commission"). This summary procedure,

2     rather than an action instituted by complaint, is appropriate because investigative agencies, like

3     the SEC, "must be free without undue interference or delay to conduct an investigation which

4     will adequately develop a factual basis for a determination as to whether particular activities

5     come within the Commission's regulatory authority." *SEC v. Brigadoon Scotch Distributing Co.*,

6     480 F.2d 1047, 1053 (2d Cir. 1973). This Court may therefore rule upon the SEC's application in

7     a summary show cause proceeding.

8              **B.        The SEC's Administrative Subpoena to Musk Should Be Enforced**

9              An administrative agency's investigative subpoena should be judicially enforced if the

10    following criteria are met: (1) the SEC's "investigation will be conducted pursuant to a

11    legitimate purpose," (2) the subpoena seeks information that "may be relevant to that purpose,"

12    (3) "the information sought is not already within the [SEC's] possession," and (4) all

13    "administrative steps required . . . have been followed." *United States v. Powell*, 379 U.S. 48, 57-

14    58 (1964) (enforcing IRS subpoena); *see also United States v. Jose*, 131 F.3d 1325, 1327-28 (9th

15    Cir. 1997) (quoting *Powell*); *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 513-14 (9th Cir.

16    1980). Indeed, courts routinely grant relief in SEC subpoena enforcement proceedings upon the

17    requisite showing. *See, e.g.*, *R.R. Donnelley & Sons*, 2012 WL 12930953; *SEC v. Tajyar*, Case

18    No. 18-00113-DMG, 2018 WL 6313475 (C.D. Cal. Oct. 15, 2018), *adopted by* 2018 WL

19    6308106 (C.D. Cal. Nov. 30, 2018); *SEC v. Obioha*, Case No. 12-80109-WHA, 2012 WL

20    4889286 (N.D. Cal. Oct. 12, 2012). A declaration from a government official is sufficient to

21    establish that the *Powell* requirements have been met. *See RNR Enters. v. SEC*, 122 F.3d 93, 97

22    (2d Cir. 1997); *see also SEC v. Harman Wright Group, LLC*, Case No. 18-00190-CMA, 2018

23    WL 6102758, at *2 (D. Colo. Nov. 21, 2018) (clarifying that the SEC's burden is a "slight one"

24    generally satisfied by an affidavit from the agent seeking enforcement).

25              In this case, all of the requirements are met for enforcement of the SEC's subpoena. First,

26    the SEC's investigation is being conducted pursuant to a lawfully authorized and legitimate

27    purpose. "The provisions vesting the SEC with power to issue and seek enforcement of

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA                          -7-

1    subpoenas are expansive." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984); *see also*

2    *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). When Congress created the SEC

3    and assigned it the responsibility of protecting investors, it gave the SEC broad authority to

4    conduct investigations. *O'Brien, Inc.*, 467 U.S. at 741. This authority includes the power to

5    "subpoena witnesses, compel their attendance, take evidence, and require the production of any

6    books, papers, correspondence, memoranda, or other records which the Commission deems

7    relevant or material to the inquiry." 15 U.S.C. § 78u(b); *see also* 15 U.S.C. § 77t(a).

8           Here, the SEC has exercised its broad statutory authority and authorized the SEC staff to

9    investigate, among other things, whether provisions of the federal securities laws have been

10   violated in connection with Musk's 2022 purchases of Twitter stock and his 2022 statements and

11   SEC filings relating to Twitter. Andrews Decl., ¶ 3. The SEC authorized this investigation by

12   issuing a Formal Order on April 14, 2022. *Id.*, ¶ 5. The Commission issued a Corrected Formal

13   Order on July 15, 2022. *Id.* The SEC's investigation and the subpoena issued to Musk are

14   unquestionably within the scope of the Formal Order, Corrected Formal Order, and the SEC's

15   authorized law-enforcement powers.

16          Second, the information sought by the SEC's subpoena is relevant to the SEC's

17   investigation. The subpoena seeks the testimony of Musk so that the Commission may obtain

18   information from him regarding his 2022 purchases of Twitter stock and his 2022 statements and

19   SEC filings relating to Twitter. Musk's testimony on those subjects is plainly relevant to the

20   Commission's investigation. Moreover, in the context of an administrative investigation, "the

21   notion of relevance is a broad one. An agency can investigate merely on the suspicion that the

22   law is being violated, or even just because it wants assurance that it is not. So long as the material

23   requested *touches* a matter under investigation, an administrative subpoena will survive a

24   challenge that the material is not relevant." *Flatt v. SEC*, Case No. 10-60073-MC, 2010 WL

25   1524328, at *5 (S.D. Fla. Apr. 14, 2010) (quoting *Sansend Fin. Consultants Ltd. v. Fed. Home*

26   *Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)); *see also Rosiere v. SEC*, Case No. 09-01975-

27

28

1    JCM, 2010 WL 489526 (D. Nev. Feb. 5, 2010); *Gewerter v. SEC*, Case No. 16-02556-PHX,

2    2016 WL 4074117, at *2 (D. Ariz. July 29, 2016).

3         The relevance required to enforce an investigative subpoena is much broader than in

4    litigation. *See Nelson v. SEC*, Case No. 08-80080-JF, 2008 WL 2444794, at *2 (N.D. Cal. June

5    16, 2008). For that reason, as the Ninth Circuit has explained, "The scope of the judicial inquiry

6    in an . . . agency subpoena enforcement proceeding is quite narrow." *EEOC v. Fed. Exp. Corp.*,

7    558 F.3d 842, 848 (9th Cir. 2009) (internal quotation marks and citations omitted). Thus, a court

8    must enforce an administrative subpoena unless the evidence sought by the subpoena is plainly

9    incompetent or irrelevant to any lawful purpose of the agency. *Id.* at 854; *see also Endicott*

10   *Johnson v. Perkins*, 317 U.S. 501, 509 (1943); *Administrator, US EPA v. Alyeska Pipeline Serv.*

11   *Co.*, 836 F.2d 443, 447 (9th Cir. 1988); *Harman Wright Group*, 2018 WL 6102758, at *2.

12        The minimal relevance required to enforce the administrative subpoena served on Musk

13   is easily satisfied here. The SEC's investigation here pertains to purchases of securities by Musk

14   and statements and SEC filings made by Musk relating to his purchases of securities. The

15   subpoena seeks Musk's testimony so that the SEC staff may question Musk on those topics.

16   Because he is the very individual who made the securities purchases, statements, and filings at

17   issue, the SEC's subpoena for Musk's testimony meets the relevance requirement.

18        Third, the information sought pursuant to the SEC's subpoena is not in the SEC's

19   possession. Musk has not appeared for testimony in this investigation since July 2022 when he

20   appeared for two separate half-day sessions. Andrews Decl., ¶ 6. Since that time, the SEC has

21   received thousands of new documents from various parties as part of its investigation, including

22   hundreds of documents produced by Musk. *Id.*, ¶ 7. Nearly half of the documents produced to

23   the Commission by Musk in this investigation were produced after Musk's prior investigative

24   testimony over a year ago, including documents Musk authored. *Id.* The SEC has therefore not

25   yet had the opportunity to question Musk regarding, among other things, the information

26   contained in those documents.

27

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA     -9-

1      Fourth, the SEC has satisfied all administrative prerequisites. The federal securities laws

2   authorize the SEC to compel the attendance of witnesses that the SEC deems relevant or material

3   to its investigation. *See* 15 U.S.C. §§ 77s(c), 77u(b). Here, the SEC's subpoena was issued

4   pursuant to a Corrected Formal Order and signed by an SEC attorney who is specifically

5   designated by the Corrected Formal Order to issue subpoenas. *See* 17 C.F.R. § 200.30-4(a)(1).

6   The SEC served Musk with the subpoena and Musk's attorney confirmed that he received the

7   subpoena. Nevertheless, Musk refuses to make himself available for testimony as the subpoena

8   requires.

9          **C.      Musk Has No Valid Basis for Failing to Comply with the SEC's Subpoena**

10      Because the SEC has established that its subpoena was lawfully issued, the burden shifts

11   to Respondent to establish an affirmative defense for failing to comply with the subpoena. Musk

12   bears a heavy burden where, as here, "the agency inquiry is authorized by law and the

13   [information] sought [is] relevant to the inquiry." *Brigadoon Scotch Dist. Co.*, 480 F.2d at 1056;

14   *see also United States v. Jose*, 131 F.3d at 1328 (after *prima facie* case made to enforce

15   investigative summons, heavy burden fell on respondent); *Blackfoot Bituminous*, 622 F.2d at 515

16   (respondent has burden of showing a defense to enforcement).

17      Musk cannot meet this high burden. He did not raise any objection to the SEC's

18   subpoena until only two days prior to the date he was to appear for testimony. He then raised, for

19   the first time, a total of five objections. Andrews Decl., ¶ 13, Ex. 4. Not only are Musk's stated

20   objections untimely, they are without merit.

21      First, Musk objected on the basis that Musk "has already sat for testimony twice in this

22   matter" and that it is unclear why the SEC needs him to appear for another day of testimony. *Id.*

23   Musk never raised this objection in April 2023, when the SEC staff discussed with his counsel

24   the need for further testimony. He did not raise this objection in May 2023, when he was served

25   with a subpoena requiring his testimony. Nor did he raise it on August 28, 2023, when he

26   requested and received an accommodation as to the date of the testimony and was served with a

27   subpoena with the new date. In any event, as described above, the SEC has obtained a substantial

28

1    amount of new information since Musk sat for two half-day sessions of testimony more than one

2    year ago, including new information produced by Musk himself. The SEC is entitled to question

3    Musk regarding that information as part of its investigation.

4          Second, Musk objected to the SEC's subpoena on the grounds that "[i]n the context of an

5    investigation into the timing and substance of a Schedule 13G, enough is enough." *Id.* This

6    objection fails at its premise. The SEC's investigation pertains to considerably more than the

7    timing and substance of a particular SEC filing; it also relates to all of Musk's purchases of

8    Twitter stock in 2022 and his 2022 statements and SEC filings. *See id.*, ¶ 3 (describing the nature

9    of the SEC's investigation). But even if the SEC's investigation were focused on the timing and

10   substance of a particular SEC filing, the SEC's subpoena would be enforceable. Recipients of

11   lawfully issued subpoenas do not get to pick and choose whether to comply with those

12   subpoenas depending on the potential securities law violations at issue.

13         Third, Musk objected to San Francisco as a testimony location. *Id.*, ¶ 13, Ex. 4. Musk's

14   subsequent refusal to appear for testimony at any of the SEC's offices, including its Fort Worth,

15   Texas office, which is closest to where Musk resides, has exposed this objection as mere pretext.

16   Moreover, the SEC has statutory authority to compel attendance of witnesses for investigative

17   testimony in any place in the United States. 15 U.S.C. § 78u(b).

18         Fourth, Musk objected to compliance with the SEC's subpoena on the grounds that the

19   Commission is using its subpoena power to "harass" him. Andrews Decl., ¶ 13, Ex. 4. This is not

20   the first time that Musk has characterized legitimate government investigatory steps as

21   "harassment." The Second Circuit recently rejected Musk's claim of SEC "harassment" in

22   affirming a district court's denial of Musk's motion to terminate a 2018 SEC consent decree,

23   finding it unsupported. *See SEC v. Musk*, Case No. 22-1291, 2023 WL 3451402, at *2 (2d Cir.

24   May 15, 2023) (affirming district court's denial of Musk's motion to terminate SEC consent

25   decree and finding "no evidence to support Musk's contention" that SEC investigations

26   constituted harassment). Musk's vague assertion of SEC harassment here is similarly

27   unsupported. For the reasons described above, the SEC's subpoena to Musk is proper and well

28

APPLICATION FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA           -11-

1  within the SEC's power to conduct investigations into potential violations of the federal

2  securities laws.

3       Fifth, Musk objected to his testimony on the grounds that a biography of Musk was

4  published on September 12, 2023, "containing new information potentially relevant to this

5  matter." Andrews Decl., ¶ 13, Ex. 4. Musk claims that his "[c]ounsel require time to review this

6  material." *Id.* The publication of Musk's biography is not a legitimate basis for Musk to avoid

7  compliance with a lawfully issued investigative subpoena. In any event, Musk's initial refusal to

8  comply with the subpoena has now presented his counsel with plenty of time to review the

9  biography for any relevant information, and so this objection is now moot in addition to being

10  legally insufficient from inception.

11       None of Musk's objections has any legal validity, and he has no justifiable excuse for his

12  non-compliance with the SEC's subpoena.

13              **IV.    CONCLUSION**

14       For the foregoing reasons, the Commission respectfully requests that the Court issue an

15  order compelling Elon Musk to comply with the Commission's administrative subpoena

16  requiring his testimony.[2] A proposed order granting such relief is filed concurrently with this

17  application.

18

19

20  Dated:  October 5, 2023        Respectfully submitted,

21                      */s/ Bernard B. Smyth*
                    BERNARD B. SMYTH

22                      Attorney for Applicant
                    SECURITIES AND EXCHANGE COMMISSION

23

24

25

26

27  [2] The Commission staff is available to conduct Musk's testimony the week of November 13,
2023. The SEC staff can also be available the weeks of November 27, 2023, December 4,

28  2023, and December 11, 2023.