MELISSA ARMSTRONG (Tex. Bar No. 24050234)
  ArmstrongMe@sec.gov
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-4724
Facsimile: (703) 772-9292

MONIQUE WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
  SmythB@sec.gov
ROBIN ANDREWS (Ill. Bar No. 6285644)
  AndrewsR@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

Attorneys for Applicant
Securities and Exchange Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Applicant,<br><br>v.<br><br>ELON MUSK,<br><br>    Respondent. | Misc. No.<br><br>**DECLARATION OF ROBIN ANDREWS IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH AN ADMINISTRATIVE SUBPOENA** |

# DECLARATION OF ROBIN ANDREWS

I, Robin Andrews, declare:

1. I am a Senior Counsel in the San Francisco Regional Office of the Securities and Exchange Commission ("Commission"). I am an attorney duly admitted to practice in the State of Illinois. I am making this Declaration based upon facts within my personal knowledge, and to which I am competent to testify if called upon to do so.

2. I submit this Declaration in support of the Commission's Application for an Order Compelling Compliance with an Administrative Subpoena directing respondent Elon Musk ("Musk") to comply with an investigative subpoena served upon him in connection with the Commission's non-public investigation entitled <u>In the Matter of Certain Purchases, Sales and Disclosures of Twitter Shares</u> (Internal File No. SF-4519) (the "Investigation").

3. The Commission's Investigation concerns, among other things, whether Musk engaged in acts constituting violations of various provisions of the federal securities laws in connection with: (a) his 2022 purchases of Twitter, Inc. ("Twitter") stock; and (b) his 2022 statements and SEC filings relating to Twitter.

4. At all times during this Investigation, I have been the primary investigator in this matter and the primary contact with Musk's legal counsel. At the outset of this Investigation in April 2022, Musk's counsel agreed to accept service of subpoenas on behalf of Musk via email. Since that time, I served multiple subpoenas upon Musk through counsel by email. At no time has Musk's counsel objected to service of subpoenas upon Musk through counsel by email.

5. On April 14, 2022, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony (the "Formal Order") in this Investigation. On July 15, 2022, the Commission issued a Corrected Order Directing Private Investigation and Designating Officers to Take Testimony (the "Corrected Formal Order"). Because the Investigation is non-public and ongoing, I am not attaching copies of the Formal Order or Corrected Formal Order as exhibits. The Commission staff previously provided copies of the Formal Order and Corrected Formal Order to Musk and stands ready to provide copies to the Court, but respectfully requests an *in camera*

review.  True and correct copies of the staff's letters transmitting copies of the Formal Order and Corrected Formal Order to Musk, dated May 23, 2022 and July 15, 2022, are attached as Exhibit 1. Among other things, both the Formal Order and the Corrected Formal Order:

(i) directed, pursuant to Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.§ 78u(a), that the Commission staff conduct a private investigation to determine whether any persons or entities had engaged in acts or practices in violation of various provisions of the securities laws; and

(ii) designated, pursuant to Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), certain individuals, including myself, as officers of the Commission empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the investigation.

6. As part of the Investigation, in June 2022 the SEC served upon Musk's counsel a subpoena requiring Musk's testimony in July 2022. On July 12, 2022 and July 27, 2022, Musk appeared for half-day sessions of investigative testimony by videoconference.

7. Since July 27, 2022, the Commission has received thousands of new documents from various third parties in this Investigation, including hundreds of documents produced by Musk, including documents Musk authored. Of the documents Musk produced to the Commission pursuant to subpoena in this Investigation, nearly half were produced after July 27, 2022.

8. In a telephone conversation in April 2023, I discussed with Musk's counsel the need for a third day of testimony from Musk. Among other things, I informed Musk's counsel that the Commission staff expected Musk to appear for testimony at the Commission's San Francisco office, not by videoconference. During this April 2023 conversation, Musk's counsel told me that he (counsel) had obligations in June, July, and early August and therefore could not travel to San Francisco for this testimony until at least mid-August. Musk's counsel and I agreed to continue working in good faith towards a suitable date for Musk's testimony in mid-August or later. During

this April 2023 conversation, Musk's counsel never objected to Musk appearing for a third day of testimony or the proposed location of San Francisco.

9. After multiple communications in May 2023 regarding workable dates for Musk's testimony, on May 23, 2023 Musk's counsel agreed that Musk would appear for investigative testimony on September 14, 2023. That day, I served upon Musk's counsel a subpoena pursuant to the Corrected Formal Order requiring Musk's attendance for testimony at the San Francisco Regional Office of the Commission on September 14, 2023 (the "First Musk Subpoena"). A true and correct copy of that subpoena is attached as Exhibit 2.

10. Between May 23, 2023 and August 28, 2023, Musk did not object to the date or location of this testimony.

11. On August 28, 2023, Musk's counsel requested that the Commission reschedule Musk's testimony to September 15, 2023 to accommodate Musk's travel schedule earlier in the week. Musk's counsel raised no objection to Musk appearing for testimony or to San Francisco as the location for Musk's testimony. The Commission staff agreed to this accommodation, and I served upon Musk's counsel a revised subpoena requiring Musk's attendance for testimony at the San Francisco Regional Office of the Commission on September 15, 2023 (the "Second Musk Subpoena"). A true and correct copy of that subpoena is attached as Exhibit 3.

12. Between August 28, 2023 and September 13, 2023, Musk did not object to the date or location of this testimony.

13. On September 13, 2023, Musk's counsel sent a letter informing the Commission for the first time that Musk was refusing to appear for his testimony on September 15, 2023, and raised a number of objections for the first time. A true and correct copy of that letter is attached as Exhibit 4 (redactions in this exhibit conceal the name of a different witness).

14. On September 14, 2023, the Commission staff responded to Musk's letter. A true and correct copy of that response letter is attached as Exhibit 5 (redactions in this exhibit conceal the name of a different witness). On September 15, 2023, Musk failed to appear for his testimony as required by the Commission's August 28, 2023 subpoena.

15. My understanding is that Musk resides in Austin, Texas. On September 19, 2023, the Commission staff sent an email to Musk's counsel: (a) offering to conduct Musk's testimony at the Commission's Fort Worth, Texas office (or any of the Commission's other offices); and (b) proposing potential testimony dates in October 2023. A true and correct copy of that email is attached as Exhibit 6 (redactions in this exhibit conceal the name of a different witness).

16. On September 21, 2023, the Commission staff sent a letter to Musk's counsel proposing additional potential testimony dates in November 2023. A true and correct copy of that letter is attached as Exhibit 7.

17. On September 24, 2023, Musk's counsel sent a letter informing the Commission that Musk was refusing to appear for testimony. A true and correct copy of that letter is attached as Exhibit 8 (redactions in this exhibit conceal the name of a different witness).

18. On September 25, 2023, the Commission staff sent a letter to Musk's counsel in response. A true and correct copy of that letter is attached as Exhibit 9. Musk did not respond to this letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was signed on October 5, 2023.

ROBIN ANDREWS