**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

September 13, 2023

**FOIA CONFIDENTIAL TREATMENT REQUESTED**
**VIA ELECTRONIC MAIL**

Robin Andrews
Senior Counsel, Division of Enforcement
United States Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

Re:    In the Matter of Certain Purchases, Sales, and Disclosures of Twitter Shares (SF-4519)

Dear Mr. Andrews:

I write regarding the requested testimony of Mr. Musk. As you know, Mr. Musk has already sat for testimony twice in this matter. And despite my attempts to understand what additional information you believe you may glean from a third testimony, it remains unclear why the Staff requires further time diverting Mr. Musk from his significant obligations to companies and shareholders. In the context of an investigation into the timing and substance of a Schedule 13G, enough is enough.

It is also not evident why the Staff seeks in-person testimony in San Francisco—where Mr. Musk does not live—for an unbounded period of time, when other testimony in this matter has been conducted remotely and for finite periods. Similar concerns attend ▮▮▮▮▮▮ testimony. In light of the Commission's history of using its subpoena power to harass Mr. Musk and those connected to him, including ▮▮▮▮▮▮, these circumstances suggest the Commission is not pursuing this testimony in good faith.

In addition to these serious concerns, yesterday a 600-page biography of Mr. Musk containing new information potentially relevant to this matter was published. Counsel require time to review this material and expect that the Commission may as well. Accordingly, Mr. Musk and ▮▮▮▮▮▮ will not be attending further testimony in this matter until the above issues have been resolved.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

*   *   *

Mr. Musk and ▇▇▇▇▇▇▇ request, under 17 C.F.R. § 200.83, that the Commission afford confidential treatment to and not disclose this submission or any other information or documents that may be provided to the Staff in the future by Mr. Musk and ▇▇▇▇▇▇▇—in response to any request under the Freedom of Information Act, 5 U.S.C. § 552.

A copy of this written request for confidential treatment has been sent to the Office of Freedom of Information and Privacy Act Operations, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549, as required by 17 C.F.R. § 200.83(c)(3). Should a request be received by the Commission under the Freedom of Information Act for disclosure of the information to which this request for confidential treatment relates, Mr. Musk and ▇▇▇▇▇▇▇ ask that the Commission immediately notify the undersigned by telephone or electronic mail, so that we may provide any additional information regarding this request for confidential treatment that may be necessary. We further request that you communicate our request for confidentiality to any other self-regulatory organization or government agency that may request access to these materials.

The information in this letter is made available to the Commission without prejudice to any privilege that Mr. Musk and ▇▇▇▇▇▇▇ may have, including the attorney-client and work product privilege, which privileges are expressly reserved. In the event that any information provided herein constitutes information protected by any privilege that Mr. Musk and ▇▇▇▇▇▇▇ may have, including the attorney-client and work product privilege, Mr. Musk and ▇▇▇▇▇▇▇ request the immediate return of such information, and any such inadvertent production shall not constitute a waiver of any such privilege. Furthermore, Mr. Musk and ▇▇▇▇▇▇▇ have made a diligent effort to be thorough and accurate in providing this information, there may be omissions or inaccuracies of which we are not presently aware. Accordingly, this response is subject to possible supplementation or revision.

Very truly yours,

*[signature]*

Alex Spiro