# EXHIBIT 6



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

**San Francisco**
**Regional Office**

April 18, 2022

**Via secure email to alexspiro@quinnemanuel.com**

Elon Musk
c/o Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, NY 10010

   Re: In the Matter of Certain Purchases, Sales, and Disclosures of Twitter Shares (SF-4519)

Dear Mr. Musk:

  The staff of the San Francisco Regional Office of the United States Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to you as part of this investigation. The subpoena requires you to provide us documents.

  Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. If you do not comply with this subpoena, the SEC may bring an action in federal court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

**Producing Documents**

*What materials do I have to produce?*

  The subpoena requires you to provide us the documents described in the attachment to the subpoena. You must provide these documents by May 6, 2022. The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

  You should produce each and every document in its possession, custody, or control, including any documents that are not in its immediate possession but that it has the ability to obtain. All responsive documents shall be produced as they are kept in the usual course of business, and shall be organized and labeled to correspond with the numbered paragraphs in the subpoena attachment. In that regard, documents should be

Elon Musk
April 18, 2022
Page 2

produced in a unitized manner, i.e., delineated with staples or paper clips to identify the document boundaries.

Documents responsive to this subpoena may be in electronic or paper form. Electronic documents such as email should be produced in accordance with the attached document entitled SEC Data Delivery Standards (the "Standards"). If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible but in any event before producing documents. **All electronic documents responsive to the document subpoena, including all metadata, must also be secured and retained in their native software format and stored in a safe place.** The staff may later request or require that you produce the native format.

For documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents and produce them in an electronic format consistent with the Standards. Alternatively, you may send us photocopies of the documents in paper format. **If you choose to send copies, you must secure and retain the originals and store them in a safe place.** The staff may later request or require that you produce the originals.

Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you do send us scanned or photocopied documents, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please do not add any identifying notations.

In producing a photocopy of an original document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original document, photocopies of the original document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state to which numbered paragraph(s) in the subpoena attachment each item responds. A copy of the subpoena should be included with the documents that are produced.

Elon Musk
April 18, 2022
Page 3

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data. **Password correspondence should reference case number, case name and requesting SEC staff member.**

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us. **Correspondence should reference case number, case name and requesting SEC staff member.**

Please also provide a narrative description describing what you did to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:
- who searched for documents;
- who reviewed documents found to determine whether they were responsive;
- what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, home office, work office, voice mails, home email, webmail, work email, backup tapes or other media);
- what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and
- where the original electronic and hardcopy documents are maintained and by whom.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:
- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
- the reason you did not produce the item; and
- the specific request in the subpoena to which the document relates.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should identify the attorney and client involved. If you withhold anything on the basis of the work product doctrine, you should also identify the litigation in anticipation of which the document was prepared.

Elon Musk
April 18, 2022
Page 4

If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such documents and give the date on which they were lost, discarded or destroyed.

*Where should I send the materials?*

Please send the materials to:

>ENF-CPU
>U.S. Securities and Exchange Commission
>14420 Albemarle Point Pl., Suite 102
>Chantilly, VA 20151-1750

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

**Preservation Notice**

Separately, we believe you may possess additional documents and data that are relevant to this investigation. Accordingly, we hereby provide notice that the documents and communications identified in Section D of the enclosed subpoena ("Evidence") should be preserved and retained on an ongoing basis and until further notice.

You have a duty to reasonably preserve and retain such Evidence. This duty includes an obligation to provide notice to all employees or custodians who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third parties, such as an internet service provider or a cloud computing provider, if such Evidence is within your control.

You may need to act affirmatively to prevent the destruction of Evidence. This duty may necessitate quarantining certain Evidence to avoid its destruction or alteration. You should consider whether it is necessary to discontinue the routine destruction of Evidence, including discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders. You should avoid running or installing any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

All employees or custodians who may be in possession of Evidence should also disable and avoid activating any self-destructing features on messaging applications or programs that may contain Evidence, including but not limited to Signal, WhatsApp, and/or any other similar applications. Failure to disable and/or activation of such features could result in the destruction of Evidence.

Elon Musk
April 18, 2022
Page 5

**Other Important Information**

*May I have a lawyer help me respond to the subpoena?*

    Yes. You have the right to consult with and be represented by your own lawyer in this matter. We cannot give you legal advice.

*What will the Commission do with the materials I send?*

    The enclosed SEC Form 1662 explains how we may use the information you provide to the Commission. This form also has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

    This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

    Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

    If you have any other questions, you may call me at 415-705-2486.

    Sincerely,

    Robin Andrews
    Senior Counsel
    Division of Enforcement

Enclosures:    Subpoena and Attachment
                    SEC Data Delivery Standards
                    SEC Form 1662



# SUBPOENA

## UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**In the Matter of Certain Purchases, Sales and Disclosures of Twitter Shares (SF-4519)**

To: Elon Musk
c/o Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, NY 10010

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU (U.S. Securities and Exchange Commission)
14420 Albemarle Point Pl., Suite 102
Chantilly, VA 20151-1750
**Date:** May 6, 2022

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: _____   Date: April 18, 2022
Robin Andrews, Senior Counsel
U.S. Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a Formal Order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:   If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR ELON MUSK**
**April 18, 2022**
In the Matter of Certain Purchases, Sales and Disclosures of Twitter Shares (SF-4519)

**A.**      **Definitions**

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. "Twitter" means the entity doing business under the name Twitter, Inc. and any parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, special purpose vehicles, variable interest entities, code names, or trade or business names used by any of the foregoing.

2. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

3. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

4. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

5. "Communication" means any correspondence, contact, discussion, email, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

6. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, analyzing or reflecting.

7. An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement.  A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

8. The term "Reviewed" means examined, assessed, considered, analyzed or evaluated.

9. The terms "you" and "your" means the Person or entity to whom this subpoena was issued.

10. To the extent necessary to bring within the scope of this subpoena any information or Documents that might otherwise be construed to be outside its scope:
    a. the word "or" means "and/or";
    b. the word "and" means "and/or";
    c. the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
    d. the masculine gender includes the female gender and the female gender includes the masculine gender; and
    e. the singular includes the plural and the plural includes the singular.

B. **Instructions**

1. Unless otherwise specified, the subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All electronic Documents responsive to the Document subpoena, including all metadata, should also be produced in their native software format.

2. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e.., delineated with staples or paper clips to identify the Document boundaries.

6. Documents should be labeled with sequential numbering (bates-stamped).

7. You must produce all Documents created during, or Concerning, the time period **January 1, 2022 to April 18, 2022** (the "Review Period"), unless otherwise specified.

8. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff **in connection with this matter**. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

10. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

11. **If the Document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.**

12. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should be produced as an Excel file and describe each item separately, noting:

   a.  its author(s);
   b.  its date;
   c.  its subject matter;
   d.  the name of the Person who has the item now, or the last Person known to have it;
   e.  the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
   f.  the basis upon which you are not producing the responsive Document;
   g.  the specific request in the subpoena to which the Document relates;
   h.  the attorney(s) and the client(s) involved; and
   i.  in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

13. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## C.  Documents to be Produced

1. For the Review Period, all Communications with Twitter.

2. For the Review Period, all Documents and Communications Concerning trade orders and/or executed trades of Twitter securities.

3. For the Review Period, all Documents and Communications Concerning the April 4, 2022 agreement between Twitter and yourself, and all actual (or proposed) amendments thereto or revocations thereof.

4. For the Review Period, all Documents and Communications Concerning your filing of a Twitter Schedule 13D and/or Schedule 13G with the SEC.

## D.  Documents to be Preserved

1. For the period <u>January 1, 2021 to December 31, 2021</u>, all Documents and Communications Concerning any of the topics set forth in Section C above.

2. For the period <u>January 1, 2022 to April 18, 2022</u>, full forensic images of all devices (including but not limited to laptops, computers, smartphones, and similar devices) used by you Concerning any of the topics set forth in Section C above.