QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Respondent Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Applicant,<br><br>    v.<br><br>ELON MUSK,<br><br>        Respondent. | Case No. 3:23-mc-80253-LB<br><br>**ELON MUSK'S CIVIL LOCAL RULE 79-5(F) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Elon Musk has filed certain exhibits to the Declaration of Alex Spiro in Support of Elon Musk's Opposition to the Securities and Exchange Commission's Notice and Application for an Order Compelling Compliance with an Administrative Subpoena ("Declaration").  Exhibits 3 and 5 to the Declaration contain information related to a non-public investigation into Mr. Musk that the Securities and Exchange Commission ("Commission") initiated in 2022.  These exhibits are confidential because the Commission has ordered that the investigation be private.  Further, Commission investigation documents are non-public as a matter of law.  See 17 CFR § 203.2 ("Information or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public . . ."); 17 CFR § 203.5 ("Unless otherwise ordered by the Commission, all formal investigative proceedings shall be non-public."); see also Attorney Declaration of Robin Andrews ¶¶ 2, 5.

The parties have not conferred on the confidentiality of these materials, and due to the imminent filing deadline it is impracticable for the parties to do so before the filing.  Mr. Musk is therefore filing this Administrative Motion to provide the Commission an opportunity to file, within seven days, a statement or declaration pursuant to Civil Local Rule 79-5(f)(3) regarding whether and why the above-referenced materials, or specific portions thereof, should be filed under seal.

Accordingly, pursuant to Civil Local Rule 79-5(f), Mr. Musk files this Administrative Motion to consider whether the documents identified below should be sealed:

| Exhibit | Document Title | Portion of Document to be Provisionally Sealed |
|---|---|---|
| Exhibit #3 | Order Directing Private Investigation and Designating Officers to Take Testimony | Entire Document |
| Exhibit #5 | Corrected Order Directing Private Investigation and Designating Officers to Take Testimony | Entire Document |

Should the Commission file a statement or declaration pursuant to Civil Local Rule 79-5(f)(3), Mr. Musk reserves his right to file a response pursuant to Civil Local Rule 79-5(f)(4). Consistent with Civil Local Rule 79-5(d), unredacted versions of the above documents accompany this Administrative Motion.

Dated: November 2, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Alex Spiro*
Alex Spiro (*pro hac vice*)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538 8000
Facsimile: (202) 538 8100
christophermichel@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Elon Musk*

\* \* \* \* \*

**DENIED**
Judge Laurel Beeler
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 3

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

April 17, 2022

In the Matter of

Certain Purchases, Sales and
Disclosures of Twitter Shares

SF-4519

ORDER DIRECTING PRIVATE
INVESTIGATION AND DESIGNATING
OFFICERS TO TAKE TESTIMONY

I.

The Commission's public official files disclose that:

A.  Twitter, Inc. ("Twitter") is a Delaware corporation headquartered in San Francisco, California. Twitter's common stock is registered with the Commission pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and is listed on the Nasdaq exchange. Twitter files periodic reports, including Forms 10-K and 10-Q, with the Commission pursuant to Section 13(a) of the Exchange Act and related rules thereunder.

B.  By final judgment entered on October 16, 2018, and by order amending final judgment entered on April 30, 2019, Elon Musk ("Musk") was enjoined from violating Rule 10(b) and Rule 10b-5 of the Exchange Act. United States Securities and Exchange Commission v. Musk, Civil Action No. 1:18-cv-8865-AJN (S.D.N.Y.), at Dkt. 14, 47.

II.

The Commission has information that tends to show that from at least March 24, 2022 to April 5, 2022:

A.  Elon Musk, age 50, resides in Austin, Texas. Musk is the CEO of a publicly-traded company.

B.  In possible violation of Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-2 thereunder, Elon Musk may have failed to file with the Commission all information required by Schedules 13D and 13G and any amendment thereto in connection with his ownership of Twitter stock.

C.  In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Elon Musk and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated,

operate, or would operate as a fraud or deceit upon any person. In connection with these activities, such persons or entities, directly or indirectly, may have been, among other things, trading in the securities of Twitter on the basis of material nonpublic information, disclosing to others material nonpublic information regarding Twitter in breach of a fiduciary or other duty arising out of a relationship of trust and confidence, or making false statements of material fact and omitting to disclose material facts concerning, among other things, Musk's holdings of Twitter stock. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 10(b) and 13(d) of the Exchange Act and Rules 10b-5, 13d-1, and 13d-2 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 21(b) of the Exchange Act that for purposes of such investigation, Monique C. Winkler, Steven D. Buchholz, Tracy L. Davis, Susan F. LaMarca, Jason H. Lee, Jennifer J. Lee, Jeremy E. Pendrey, Jessica Adams, Robin Andrews, Crystal Boodoo, Ellen Chen, Robert J. Durham, Thomas J. Eme, Christina N. Filipp, Theis Finlev, Michael D. Foley, Brian Huchro, John Han, Ruth L. Hawley, Andrew Hefty, Victor W. Hong, Alice Jensen, Marc Katz, Sallie Kim, Brian Knight, Rahul Kolhatkar, Heather Marlow, Chris Marshall, Serafima McTigue, Matthew G. Meyerhofer, John Mogg, Anthony Moreno, Sheila E. O'Callaghan, Silvana Quintanilla, Elena Ro, John Roscigno, William T. Salzmann, Kashya K. Shei, Bernard Smyth, Amanda Straub, Ariana Torchin, Steven Varholik, X. Carlos Vasquez, Jonathan Warner, Erin Wilk, David Zhou, Madiha Zuberi, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Gurbir S. Grewal
Director, Division of Enforcement

Date Approved:  April 17, 2022

---

[1] 17 CFR 200.30-4(a)(13); Public Law 87-592.

# EXHIBIT 5

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
July 15, 2022

| | |
|---|---|
| **In the Matter of**<br><br>Certain Purchases, Sales and Disclosures of Twitter Shares<br><br>**SF-4519** | **CORRECTED ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

I.

The Commission's public official files disclose that:

A.      Twitter, Inc. ("Twitter") is a Delaware corporation headquartered in San Francisco, California. Twitter's common stock is registered with the Commission pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and is listed on the Nasdaq exchange. Twitter files periodic reports, including Forms 10-K and 10-Q, with the Commission pursuant to Section 13(a) of the Exchange Act and related rules thereunder.

B.      By final judgment entered on October 16, 2018, and by order amending final judgment entered on April 30, 2019, Elon Musk ("Musk") was enjoined from violating Rule 10(b) and Rule 10b-5 of the Exchange Act. <u>United States Securities and Exchange Commission v. Musk</u>, Civil Action No. 1:18-cv-8865-AJN (S.D.N.Y.), at Dkt. 14, 47.

II.

The Commission has information that tends to show that from at least March 24, 2022:

A.      Elon Musk, age 50, resides in Austin, Texas. Musk is the CEO of a publicly-traded company.

B.      In possible violation of Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-2 thereunder, Elon Musk may have failed to file with the Commission all information required by Schedules 13D and 13G and any amendment thereto in connection with his ownership of Twitter stock.

C.      In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Elon Musk and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person. In connection with these

activities, such persons or entities, directly or indirectly, may have been, among other things, trading in the securities of Twitter on the basis of material nonpublic information, disclosing to others material nonpublic information regarding Twitter in breach of a fiduciary or other duty arising out of a relationship of trust and confidence, or making false statements of material fact and omitting to disclose material facts concerning, among other things, Musk's holdings of Twitter stock. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 10(b) and 13(d) of the Exchange Act and Rules 10b-5, 13d-1, and 13d-2 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 21(b) of the Exchange Act that for purposes of such investigation, Monique C. Winkler, Steven D. Buchholz, Tracy L. Davis, Susan F. LaMarca, Jason H. Lee, Jennifer J. Lee, Jeremy E. Pendrey, Jessica Adams, Robin Andrews, Crystal Boodoo, Ellen Chen, Robert J. Durham, Thomas J. Eme, Christina N. Filipp, Theis Finlev, Michael D. Foley, Brian Huchro, John Han, Ruth L. Hawley, Andrew Hefty, Victor W. Hong, Alice Jensen, Marc Katz, Sallie Kim, Brian Knight, Rahul Kolhatkar, Heather Marlow, Chris Marshall, Serafima McTigue, Matthew G. Meyerhofer, John Mogg, Anthony Moreno, Sheila E. O'Callaghan, Silvana Quintanilla, Elena Ro, John Roscigno, William T. Salzmann, Kashya K. Shei, Bernard Smyth, Amanda Straub, Ariana Torchin, Steven Varholik, X. Carlos Vasquez, Jonathan Warner, Erin Wilk, David Zhou, Madiha Zuberi, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Gurbir S. Grewal
Director, Division of Enforcement

Date Approved: July 15, 2022

---

[1] 17 CFR 200.30-4(a)(13); Public Law 87-592.