QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Respondent Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>v.<br><br>ELON MUSK,<br><br>Respondent. | Case No. 3:23-mc-80253-LB<br><br>**ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULE 7-11 TO CLARIFY THE COURT'S FEBRUARY 10 ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** |

On February 10, 2024, the Court granted the Securities and Exchange Commission (SEC)'s application for an order compelling compliance with an administrative subpoena. Dkt. No. 37. Mr. Musk respectfully disagrees with the Court's reasoning on the merits and plans to seek review in the district court. Mr. Musk submits this Motion for Administrative Relief pursuant to Civil Local Rule 7-11 only to clarify a procedural point: Because the SEC's application is a *dispositive* motion (*i.e.*, it ends this proceeding), the Court's resolution of the motion operates as a report and

recommendation that would take binding legal effect only after either the 14-day period for objections has passed or any filed objections are rejected by the district court on *de novo* review. *See* Fed. R. Civ. P. 72(b)(1)–(3).  Given that the caption on the Court's ruling and the contemplated timeline for the parties to confer on a date for testimony could arguably be regarded as inconsistent with that understanding, Mr. Musk respectfully requests that the Court clarify that its February 10 ruling is a report and recommendation on a dispositive motion and that no aspect of the ruling is binding at this time.  *See id.*; *see also, e.g.*, *EEOC v. Anna's Linens Co.*, 2006 WL 1329650, at *1 (N.D. Cal. May 15, 2006) (discussing a magistrate judge's ruling on an application to enforce an administrative subpoena that was initially styled as an order but was then properly recharacterized as a report and recommendation).  The SEC declined to stipulate to the relief requested on the basis that it does not believe this motion is necessary.  *See* Spiro Decl. ¶ 5.

1. "[A] magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent." *CPC Patent Tech. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022); *see* 28 U.S.C. § 636(b)–(c); Fed. R. Civ. P. 72(a)–(b).  It is undisputed that Mr. Musk did not provide such consent here.  Dkt. No. 16.  Whether this Court's ruling is binding therefore depends on whether the motion resolved by that ruling is dispositive.

To determine whether a motion is dispositive, the Ninth Circuit has "adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (alterations adopted) (internal quotation marks omitted); *see also SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) ("[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter.").

2. Under that framework, a ruling on the enforcement of an administrative subpoena is dispositive because it disposes of the sole issue in the case.  *See D.I Operating Co. v. United States*, 321 F.2d 586, 587 (9th Cir. 1963).  In *D.I. Operating Co.*, for example, the Ninth Circuit held the denial of a motion to quash an IRS summons was a final appealable order because it brought "the end of a proceeding begun against the witness."  *Id.*

In keeping with that understanding, courts in this District (and elsewhere) have consistently recognized that a magistrate judge's ruling on the enforcement of an administrative subpoena is a dispositive matter subject to *de novo* review by the district court. *See, e.g.*, *Doe v. SEC*, 2011 WL 5600513, at *2 (N.D. Cal. Nov. 17, 2011) ("Because the order denying the motion to quash disposed of the sole issue in the case, the court finds that the magistrate order was dispositive."); *Anna's Linens Co.*, 2006 WL 1329650, at *1 ("Because resolution of the application for enforcement of the subject subpoena is dispositive of the above-titled miscellaneous matter, the [ruling of the magistrate judge] is not a final order," but instead a report and recommendation.); *United States v. Bell*, 57 F. Supp. 2d 898, 904 (N.D. Cal. 1999) ("Once the petition [to enforce the administrative subpoena] is decided, the matter is over.  While the petition to enforce seeks documents and records as in a discovery motion, unlike a discovery motion, the petition is not ancillary to a larger proceeding.  It is the entire proceeding."); *see also NLRB v. Frazier*, 966 F.2d 812, 817 (3rd Cir. 1992) ("In a proceeding to enforce a subpoena, the case before the district court is over regardless of which way the court rules."); *Aluminum Co. of America, Badin Works, Badin, N.C. v. U.S. EPA*, 663 F.2d 499, 501–02 (4th Cir. 1981) (holding that motion to quash administrative search warrant was dispositive, requiring *de novo* review by the district court of the magistrate judge's "proposed findings of fact and conclusions of law," because the motion "set forth all of the relief requested").

3.   Those principles and precedents make the issue here straightforward.  Because the Court's ruling on the SEC's application to enforce compliance with an administrative subpoena "disposed of the sole issue in the case, . . . the magistrate order was dispositive." *Doe*, 2011 WL 5600513 at *2.  The court in *Doe* addressed this issue directly in the context of a magistrate judge's ruling on the enforceability of an SEC administrative subpoena. *See id.*  Concluding that *de novo* review applied to those portions that had been properly objected to, Judge Breyer expressly rejected the SEC's argument that the magistrate judge's ruling was a nondispositive order. *Id.*

The decision in *Anna's Linens* is also instructive.  There, the magistrate judge initially issued an order granting an agency's application for enforcement of an administrative subpoena that was not styled as a report and recommendation, but the magistrate judge later amended the order to "clarify that [the] ruling was in the form of a report and recommendation" and that the parties could

file objections. 2006 WL 1329650 at *1. The district court agreed that the magistrate judge's initial order was "not a final order" because it was "dispositive of the . . . miscellaneous matter" involving enforcement of the administrative subpoena and therefore subject to objections and resolution by the district court. *Id.*

4. In keeping with that well-established precedent, Mr. Musk respectfully requests that the Court clarify that its February 10 order is a report and recommendation and that no aspect of the order is binding until either the time to file objections has passed or, if objections are filed, the district court resolves them in the SEC's favor.*

Dated: February 15, 2024                                     Respectfully submitted,

                                                             QUINN EMANUEL URQUHART &
                                                             SULLIVAN, LLP

                                                             */s/ Alex Spiro*
                                                             Alex Spiro (*pro hac vice*)
                                                             51 Madison Ave, 22nd Floor
                                                             New York, NY 10010
                                                             Telephone: (212) 849-7000
                                                             Facsimile: (212) 849-7100
                                                             alexspiro@quinnemanuel.com

                                                             Christopher G. Michel (*pro hac vice*)
                                                             Rachel G. Frank (California Bar No. 330040)
                                                             1300 I Street NW, Suite 900
                                                             Washington, D.C. 20005
                                                             Telephone: (202) 538 8000
                                                             Facsimile: (202) 538 8100
                                                             christophermichel@quinnemanuel.com
                                                             rachelfrank@quinnemanuel.com

                                                             *Attorneys for Elon Musk*

---

* The legal effect of the order is that of a report and recommendation "irrespective of how characterized." *Anna's Linens*, 2006 WL 1329650, at *1 (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658–59 (9th Cir. 1993)). Mr. Musk nevertheless respectfully submits that all involved would benefit from maximum clarity on this issue.