QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com

Christopher G. Michel (*pro hac vice*)
Rachel G. Frank (California Bar No. 330040)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
christophermichel@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Respondent Elon Musk*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Applicant,<br><br>     v.<br><br>ELON MUSK,<br><br>             Respondent. | Case No. 3:23-mc-80253-LB<br><br>**DECLARATION OF ALEX SPIRO IN SUPPORT OF ELON MUSK'S MOTION FOR ADMINISTRATIVE RELIEF TO CLARIFY THE COURT'S FEBRUARY 10 RULING COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA** |

### **DECLARATION OF ALEX SPIRO**

I, Alex Spiro, declare as follows:

1. I am an attorney at the law firm Quinn Emanuel Urquhart & Sullivan, LLP. I submit this declaration in support of Mr. Musk's Administrative Motion to Clarify the Court's February 10 Ruling. The matters in this declaration are based on my personal knowledge and my review of the filings in this case.

2. On February 10, 2024, the Court granted the Securities and Exchange Commission (SEC)'s application for an order compelling compliance with an administrative subpoena. Dkt. No. 37. The Court's ruling rejected Mr. Musk's arguments on the merits and stated that the "parties must confer within one week and settle on a date and location for the testimony." *Id.* at 2.

3. On February 12, 2014, counsel for the SEC (Mr. Robin Andrews) sent me a letter regarding potential dates and locations for the testimony. I responded that, because this Court's ruling operates as a report and recommendation, the ruling is not binding and conferring on the date and location for the testimony would not be required until (at the earliest) the district court ruled on Mr. Musk's forthcoming objections.

4. In subsequent correspondence, the SEC did not dispute that the Court's ruling operates as a nonbinding report and recommendation, but the SEC took the position that the Court's direction that the parties confer on a testimony date and location is binding at this time.

5. I explained that Mr. Musk would file an administrative motion requesting that the Court clarify that its ruling is a nonbinding report and recommendation. Mr. Andrews stated that the SEC did not believe such a motion is necessary and would not stipulate to its filing.

6. Accordingly, a stipulation could not be obtained on Mr. Musk's Motion to Clarify.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed in New York, New York, on February 15, 2024.

Dated: February 15, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Alex Spiro_____
    Alex Spiro

*Attorney for Elon Musk*