```
 1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
    BERNARD B. SMYTH (Cal. Bar No. 217741)
 2    SmythB@sec.gov
    ROBIN ANDREWS (Ill. Bar No. 6285644)
 3    AndrewsR@sec.gov
    44 Montgomery Street, Suite 2800
 4  San Francisco, CA 94104
    Telephone: (415) 705-2500
 5  Facsimile: (415) 705-2501

 6  Attorneys for Applicant
    Securities and Exchange Commission
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:23-mc-80253-JSC |
| Applicant, | |
| v. | STIPULATION AND [~~PROPOSED~~] ORDER |
| ELON MUSK, | |
| Respondent. | |

**STIPULATION**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") and Respondent Elon Musk (together, "the Parties"), by and through their respective counsels of record, hereby agree and stipulate as follows:

WHEREAS the parties have conferred regarding the date and location of Respondent's additional investigative testimony, and agreed to conduct the testimony at one of four specified SEC offices on a date more than 60 days from the Court's May 14, 2024 Order (the parties have agreed in writing to a particular date but have not included that date here for confidentiality purposes);

WHEREAS Respondent has agreed to inform the SEC in writing, no fewer than 14 days before the agreed-upon testimony date, which of the four SEC offices he has chosen for the location of this testimony.

WHEREAS Respondent has agreed to waive any right to appeal the May 14, 2024 Order enforcing the SEC's subpoena by permitting one session of additional investigative testimony not to exceed five hours of questioning, not otherwise challenge the legitimacy of that Order requiring one session of additional investigative testimony not to exceed five hours of questioning, and not challenge the SEC's right to take such testimony;

WHEREAS Respondent has agreed that the agreed-upon date and time for the testimony may be rescheduled only upon written consent by the SEC or order of the Court, and further agrees to not seek delay or rescheduling of the testimony absent an emergency that Respondent did not create and could not avoid;

WHEREFORE, the Parties hereby stipulate to, and respectfully request the Court enter the attached [Proposed] Order stating as follows:

(1) Respondent shall appear in person for testimony at one of four specified SEC offices identified by Respondent on the date and time agreed upon in writing by the parties;

(2) Respondent shall inform the SEC in writing, no fewer than 14 days before the agreed-upon testimony date, which of the four SEC offices he has chosen for the location of this testimony.

(3) Respondent, having waived his right to appeal this Court's May 14, 2024 Order enforcing the SEC's subpoena by permitting one session of additional investigative testimony not to exceed five hours of questioning, shall not appeal that Order, otherwise challenge the legitimacy of that Order requiring one session of additional investigative testimony not to exceed five hours of questioning, or challenge the SEC's right to take such testimony; and

(4) The agreed-upon date and time for Respondent's testimony may be rescheduled only upon written consent of the SEC or order of the Court, and Respondent shall not seek delay or rescheduling of the testimony absent an emergency that Respondent did not create and could not avoid.

STIPULATED AND AGREED TO BY:

Dated: May 30, 2024

/s/ Robin Andrews
Robin Andrews
Attorney for Applicant
SECURITIES AND EXCHANGE COMMISSION

Dated: May 30, 2024

/s/ Alex Spiro
Alex Spiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Attorney for Respondent
ELON MUSK

**LOCAL RULE 5-1(h)(3) ATTESTATION**

Pursuant to L.R. 5-1(h)(3), I, Robin Andrews, attest that all signatories identified above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Robin Andrews*
Robin Andrews

**[~~PROPOSED~~] ORDER**

Based on the foregoing stipulation, and for good cause shown, IT IS HEREBY ORDERED that:

(1) Respondent shall appear in person for testimony at one of four specified SEC offices identified by Respondent on the date and time agreed upon in writing by the parties;

(2) Respondent shall inform the SEC in writing, no fewer than 14 days before the agreed-upon testimony date, which of the four SEC offices he has chosen for the location of this testimony.

(3) Respondent, having waived his right to appeal this Court's May 14, 2024 Order enforcing the SEC's subpoena by permitting one session of additional investigative testimony not to exceed five hours of questioning, shall not appeal that Order, otherwise challenge the legitimacy of that Order requiring one session of additional investigative testimony not to exceed five hours of questioning, or challenge the SEC's right to take such testimony; and

(4) The agreed-upon date and time for Respondent's testimony may be rescheduled only upon written consent of the SEC or order of the Court, and Respondent shall not seek delay or rescheduling of the testimony absent an emergency that Respondent did not create and could not avoid.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this matter for the purposes of giving full effect to this Order and to make such further orders and decrees or take such action as may become necessary or appropriate to carry out the terms of this Order.

Dated: May 31, 2024

_____
UNITED STATES DISTRICT JUDGE



GRANTED
Judge Jacqueline Scott Corley