```
 1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
    BERNARD B. SMYTH (Cal. Bar No. 217741)
 2    SmythB@sec.gov
    ROBIN ANDREWS (Ill. Bar No. 6285644)
 3    AndrewsR@sec.gov
    44 Montgomery Street, Suite 700
 4  San Francisco, CA 94104
    Telephone: (415) 705-2500
 5
    Attorneys for Applicant Securities and Exchange Commission
 6

 7  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    ALEX SPIRO (pro hac vice)
 8    alexspiro@quinnemanuel.com
    Rachel G. Frank (Cal. Bar No. 330040)
 9    rachelfrank@quinnemanuel.com
    1300 I Street NW, Suite 900
10  Washington, D.C. 20005
    Telephone: (202) 538-8000
11
    Attorneys for Respondent Elon Musk
12
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:23-mc-80253-JSC |
| Applicant, | |
| v. | **JOINT STATEMENT REGARDING RESPONDENT'S FAILURE TO APPEAR FOR COURT-ORDERED TESTIMONY** |
| ELON MUSK, | |
| Respondent. | |

I.  **Statement of Applicant Securities and Exchange Commission**

    A.  **Chronology**

On May 14, 2024, the Court ordered Respondent Elon Musk ("Musk") to appear for investigative testimony before the SEC staff. Dkt. No. 48. On May 29, 2024, the parties agreed to conduct that testimony on September 19, 2024. Andrews Decl. at ¶ 2. On May 31, 2024, the Court ordered that, among other things, "The agreed-upon date and time for [Musk's] testimony may be rescheduled only upon written consent of the SEC or order of the Court, and [Musk] shall not seek delay or rescheduling of the testimony absent an emergency that [Musk] did not create and could not avoid." Dkt. No. 53 ("the May 31, 2024 Order") at 3.

In late July 2024, Musk's counsel sought the SEC's consent to reschedule Musk's testimony as a result of a counsel conflict on September 19th; SEC counsel agreed to reschedule the testimony for September 10, 2024 at 9 a.m. in the SEC's Los Angeles office. Andrews Decl. at ¶ 3. On September 9th, three SEC counsels flew to Los Angeles for Musk's testimony: two from San Francisco, and one from Washington, DC. *Id.* at ¶ 4.

Shortly before 6 a.m. on September 10th, Musk's counsel sent a letter to SEC counsel:

> I have been notified that Mr. Musk is unable to attend the testimony scheduled for today in this matter. Mr. Musk's obligations as Chief Technology Officer of SpaceX required he urgently travel to the East Coast yesterday for the high-risk Polaris Dawn launch. The timing of the launch was highly weather-dependent and beyond Mr. Musk's control, and has resulted in him being unable to return in time for the testimony.

*Id.* at ¶ 5. This letter also offered: "Please let us know what alternative dates in the next month may work and we will reschedule the testimony promptly." *Id.*

In an 8:45 a.m. letter on September 10th, SEC counsel offered to reschedule the testimony for the following day, noting that this "allows for more than sufficient time for Mr. Musk to return to Los Angeles, given the approximately four-hour flight time" from Florida. *Id.* at ¶ 6. That letter also stated: "If Mr. Musk does not promptly agree to appear tomorrow at 9 a.m. at the SEC's Los Angeles office, we will bring this matter to Judge Corley today. Among other things, we may seek sanctions against Mr. Musk." *Id.*

Musk's counsel responded that September 11th "does not work." *Id.* at ¶ 7. After meeting-and-conferring with one of Musk's counsels, SEC counsel contacted the Court's courtroom deputy requesting a conference. *Id.* at ¶ 8. The Court's courtroom deputy informed the parties that the Court was unavailable until September 23rd. *Id.*

On September 10th, Musk's counsel offered to reschedule the testimony to "dates in the next month." *Id.* at ¶ 10. On September 11th, SEC counsel sent a letter to Musk's counsel, offering any date in that timeframe: "We are available to take Mr. Musk's testimony in the SEC's San Francisco office on any date on or before October 11, 2024." *Id.* On September 16, 2024, Musk's counsel responded, declining to select any date "in the next month" as previously offered, instead proposing

October 29th or October 30th, only in the SEC's Los Angeles office, and only if the SEC withdrew its request for a discovery conference. *Id.* SEC counsel declined this offer. *Id.* On September 18, 2024—after the Court's courtroom deputy indicated that the Court would schedule a discovery hearing on this matter—Musk's counsel finally offered a testimony date in early October 2024. *Id.*

### B.  Musk Violated the Court's May 31, 2024 Order and the Court Should Order Musk to Appear at Testimony on or before October 11, 2024.

Musk violated the May 31, 2024 Order. That Order required that Musk seek "written consent of the SEC or order of the Court" to modify the date of his testimony. Musk sought neither and did not appear at the scheduled testimony, a direct violation of the Court's order.[1] Musk's excuse itself smacks of gamesmanship. SpaceX had already announced that it was targeting a Tuesday morning launch *two days earlier*, at 6:52 p.m. on Sunday, September 8th. *Id.* at ¶ 9. As the company's Chief Technical Officer, Musk surely was already aware by then that SpaceX was targeting the morning of his SEC testimony for the launch. On Monday September 9th, Musk was interviewed at a conference in Los Angeles, during which he discussed the SpaceX launch and stated that if the weather held up, "I'm going to leave here to head to Cape Canaveral." *Id.* Despite this advance knowledge, Musk did not notify the SEC of his intent to attend the launch until three hours before his testimony was to begin, and after the SEC spent thousands of dollars to fly three attorneys to Los Angeles.

The parties have agreed to a new date and time for Musk's testimony in early October 2024 at an SEC office. *Id.* at ¶ 11. But without further action by the Court, nothing deters Musk from violating the May 31, 2024 Order again by simply failing to show up for *that* date. The Court should consider meaningful conditional relief to compel Musk to obey the May 31, 2024 Order—relief, of course, that will never actually be imposed if he appears. Musk has now failed to appear before the SEC twice: first in September 2023, in defiance of a lawful administrative subpoena, and last week, in defiance of a clear court order. The Court must make clear that Musk's gamesmanship and delay tactics must cease.

Dated:  September 20, 2024              Respectfully submitted,

/s/ *Robin Andrews*
ROBIN ANDREWS
Attorney for Applicant
SECURITIES AND EXCHANGE COMMISSION

---

[1] Pursuant to Local Rule 7-8, the SEC also intends to file a sanctions motion against Musk for an Order to Show Cause why he should not be held in civil contempt of the May 31, 2024 Order, to recoup its travel costs for the cancelled testimony, and for all other relief that the Court deems proper.

JOINT STATEMENT REGARDING                                                                                   SEC v. Musk
RESPONDENT'S FAILURE TO APPEAR FOR                                                          Case No. 23-mc-80253-JSC
COURT-ORDERED TESTIMONY

-3-

**II.   Statement of Respondent Elon Musk**

On May 30, 2024, this Court entered a Stipulation between the parties concerning the scheduling of Mr. Musk's third testimony with the SEC. Dkt. No. 52. Pursuant to that Stipulation, the parties agreed that Mr. Musk would appear for investigative testimony before the SEC in Los Angeles on September 10, 2024. *See* Spiro Declaration, ¶ 3. In that same Stipulation, the parties agreed that testimony could be rescheduled in the case of "an emergency that Respondent did not create and could not avoid." Dkt. No. 52 at 3:8–10. Such an unavoidable emergency arose in the early morning hours of September 10, when Mr. Musk's presence was required in Cape Canaveral, Florida, to oversee and approve the launch of SpaceX's Polaris Dawn.

SpaceX's Polaris Dawn mission was the first commercial spacewalk, a high-risk maneuver during which astronauts leave a spacecraft, in this case the Dragon capsule, to explore outer space. *See* Keech Declaration, ¶ 4. The Polaris Dawn's initial target launch date was August 26, 2024, *id.* ¶ 7, well before Mr. Musk's September 10 testimony. Mr. Musk had to be present at the Cape Canaveral launch site for the Polaris Dawn launch, and the timing of the launch was unpredictable due to the weather. *Id.* ¶¶ 5–6. Whenever there is an issue with a launch, Mr. Musk makes the final decision about whether or not to proceed. *Id.* ¶ 5. As such, Mr. Musk needed to be in Cape Canaveral in person to effectively communicate with and lead the launch team. *Id.* It would have caused additional and unnecessary difficulties that could have risked the lives of the Polaris Dawn astronauts if Mr. Musk had been forced to manage this high-risk and complex launch remotely. *Id.* The timing of the launch was unpredictable because it required clear weather conditions on both the date of the launch and the date of the astronauts' return five days later. *Id.* ¶ 6. As such, weather conditions had to be appropriate on two different dates, making it impossible to predict more than a few hours in advance when the launch could take place. *Id.* Since the Dragon capsule only provides life support for up to six days, there was no room for error. *Id.*

The Polaris Dawn's initial target launch date of August 26, 2024, was delayed numerous times over multiple weeks due in large part to poor weather conditions. *Id.* ¶ 7. Two days before the launch, there was only a 10% chance that the weather would be appropriate to allow for the mission to proceed. *Id.* It was not until the evening of Monday, September 9, 2024 (Eastern Daylight Time), that SpaceX confirmed weather conditions would finally allow for the launch of Polaris Dawn early the next day. *Id.* The launch was initially scheduled for 3:38 a.m., EDT on Tuesday, September 10, and then was delayed to 5:23 a.m., EDT for better weather conditions. *Id.* The launch was not complete until the Dragon capsule systems were activated an hour later, and Mr. Musk's presence was necessary until that time. *Id.* As such, it would have been impossible for Mr. Musk to travel from Florida to California in time for the SEC testimony.

Mr. Musk's counsel, Alex Spiro and Rachel Frank, had traveled to Los Angeles in advance of Mr. Musk's scheduled testimony, which they expected to proceed on September 10. Spiro Declaration, ¶ 4. When counsel for Mr. Musk learned that Mr. Musk would not be able to be present in Los Angeles for the testimony as a result of the launch, counsel immediately notified the SEC of the emergency, apologized for the inconvenience, and began work on rescheduling. *Id.* ¶ 5.

On September 18, 2024, Mr. Musk, through counsel, offered to appear before the SEC in Los Angeles on October 3, 2024. Spiro Declaration, ¶ 6. The SEC responded that it would agree to take Mr. Musk's testimony on October 3, 2024, in Los Angeles, but it nevertheless would seek

the Court's intervention to provide it "comfort that [Mr. Musk] will appear on October 3rd." *Id.* ¶ 6.

This Court's intervention is not necessary, as the parties have already agreed to a new testimony date. There is no reason to expend judicial resources to provide the SEC comfort. In any event, Mr. Musk is already under an order from this Court to appear "absent an emergency that [Mr. Musk] did not create and could not avoid." Dkt. No. 52 at 3:8–10. Mr. Musk had to reschedule the September 10 testimony only as the result of such an emergency, as described above, and there is no reason to believe such an emergency will reoccur.

To the extent the SEC seeks sanctions, such drastic action would be inappropriate for at least three reasons. *First*, that the parties specifically contemplated and agreed that rescheduling would be permissible in light of an emergency like the one that occurred on September 10. *Second*, Mr. Musk and his companies have cooperated and are cooperating with the SEC in multiple other ongoing investigations and have provided numerous testimonies and document productions. Spiro Declaration, ¶ 2. In this investigation alone, Mr. Musk has produced hundreds of documents, he has sat for testimony twice, his wealth manager has sat for testimony three times, and other individuals connected to Mr. Musk have also sat for testimony—all without any cancellations or rescheduling. *Id. Third*, this third round of testimony for information about a late SEC filing is not urgent, and the SEC has never argued such. The parties have already rescheduled the testimony for approximately three weeks after the original date, an immaterial amount of time in the context of this investigation which began two and a half years ago. Any request for sanctions should be denied.

Dated:  September 20, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Alex Spiro
Alex Spiro

*Attorney for Elon Musk*