MONIQUE WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
  SmythB@sec.gov
ROBIN ANDREWS (Ill. Bar No. 6285644)
  AndrewsR@sec.gov
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

Attorneys for Applicant
Securities and Exchange Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Applicant,<br><br>        v.<br><br>ELON MUSK,<br><br>                Respondent. | Case No. 3:23-mc-80253-JSC<br><br>**DECLARATION OF ROBIN ANDREWS IN SUPPORT OF JOINT STATEMENT REGARDING RESPONDENT'S FAILURE TO APPEAR FOR TESTIMONY** |

I, Robin Andrews, declare:

    1.    I am a Senior Trial Counsel in the San Francisco Regional Office of the Securities and Exchange Commission ("SEC"). I am an attorney duly admitted to practice in the State of Illinois. I am making this Declaration based upon facts within my personal knowledge, and to which I am competent to testify if called upon to do so. I submit this Declaration in support of the SEC's portion of the Joint Statement Regarding Respondent's Failure to Appear for Testimony ("Joint Statement").

    2.    On May 14, 2024, this Court ordered Mr. Musk to appear for investigative testimony in this matter. Dkt. No. 48. On May 29, 2024, the parties agreed to conduct that testimony on September 19, 2024. Pursuant to a stipulation, on May 31, 2024 the Court ordered that, among other things, "The agreed-upon date and time for [Musk's] testimony may be rescheduled only upon

written consent of the SEC or order of the Court, and [Musk] shall not seek delay or rescheduling of the testimony absent an emergency that [Musk] did not create and could not avoid." Dkt No. 53 ("the May 31, 2024 Order") at 3. Musk also waived his right to appeal: (1) the Court's Order; or (2) the SEC's right to this additional session of testimony. *Id.*

3. In late July 2024, Musk's counsel informed SEC counsel that he was scheduled for trial the entire week of September 16th and thus asked the SEC's consent to reschedule Musk's testimony. Musk's counsel refused to explain how—despite the May 31, 2024 Order—he was scheduled for trial that week. Nevertheless, pursuant to the procedures set forth in the May 31, 2024 Order above, SEC counsel consented in writing to reschedule Musk's testimony for September 10, 2024 at 9 a.m. in the SEC's Los Angeles office.

4. On September 9, 2024, three SEC counsels flew to Los Angeles for Musk's testimony; two from San Francisco, and one from Washington, DC.

5. Shortly before 6 a.m. PT on September 10, 2024, Musk's counsel sent an email to SEC counsel, stating:

> I have been notified that Mr. Musk is unable to attend the testimony scheduled for today in this matter. Mr. Musk's obligations as Chief Technology Officer of SpaceX required he urgently travel to the East Coast yesterday for the high-risk Polaris Dawn launch. The timing of the launch was highly weather-dependent and beyond Mr. Musk's control, and has resulted in him being unable to return in time for the testimony. We appreciate your flexibility in scheduling this testimony and apologize for any inconvenience this may cause. Please let us know what alternative dates in the next month may work and we will reschedule the testimony promptly.

According to publicly available information, the Polaris Dawn launch took place at 2:23 a.m. PT on September 10th at the Kennedy Space Center in Florida.

6. At 8:45 a.m. on September 10th, SEC counsel sent a letter to Musk's counsel, offering to reschedule Musk's testimony for the following day (September 11th), noting that this "allows for more than sufficient time for Mr. Musk to return to Los Angeles, given the approximately four-hour flight time" from Florida to Los Angeles. In that letter, SEC counsel informed Musk's counsel that "If Mr. Musk does not promptly agree to appear tomorrow at 9 a.m. at the SEC's Los Angeles office,

we will bring this matter to Judge Corley today. Among other things, we may seek sanctions against Mr. Musk."

7. At 8:58 a.m. on September 10th, Musk's counsel responded via email that September 11th "does not work" and stated, among other things, "We can pick a new date in the near term. If something were to occur at that point I would maybe understand bringing the matter to federal court."

8. At 9:40 a.m. on September 10th, SEC counsel conducted a meet-and-confer via videoconference with Musk's counsel Ms. Frank. Ms. Frank informed SEC counsel that Mr. Spiro was unavailable as he was currently on a flight, but that he would be able to attend a conference later in the week. At 11:45 a.m. on September 10th, SEC counsel contacted the Court's courtroom deputy requesting a hearing before the Court. At 5:30 p.m. PT that day, the Court's courtroom deputy informed the parties that the Court was unavailable until September 23rd.

9. Unbeknownst to SEC counsel, at 6:52 pm PT on Sunday, September 8th, SpaceX had already announced that it was targeting a Tuesday morning launch, according to a public X.com post (https://x.com/SpaceX/status/1832960331737653692). Also unbeknownst to SEC counsel, on Monday, September 9th, Musk was interviewed at a conference in Los Angeles (https://summit.allinpodcast.co/), during which he discussed the SpaceX launch, and stated, "in fact, there's an important, a very exciting launch that is maybe happening tonight, so if the weather is holding up, then I'm going to leave here to head to Cape Canaveral for the Polaris Dawn mission…" (https://www.youtube.com/watch?v=pSFvOUswFwA at 30:18-30:38).

10. On September 10th, Musk's counsel offered to reschedule the testimony to "dates in the next month." On September 11th, SEC counsel sent a letter to Musk's counsel, offering any date in that timeframe: "We are available to take Mr. Musk's testimony in the SEC's San Francisco office on any date on or before October 11, 2024." On September 16th, Musk's counsel responded, declining to select any date "in the next month" as previously offered, instead proposing October 29th or October 30th, only in the SEC's Los Angeles office, and only if the SEC withdrew its request for a discovery conference. SEC counsel declined this offer. On September 18th—after the Court's courtroom deputy indicated that the Court would schedule a discovery hearing on this matter—Musk's counsel finally offered a testimony date in early October 2024.

11. On September 18, 2024, the parties agreed to a new date and time for Musk's testimony in early October 2024 at an SEC office. Musk's counsel has agreed that, pursuant to the May 31, 2024 Order, this new agreed-upon date and time "may be rescheduled only upon written consent of the SEC or order of the Court, and [Musk] shall not seek delay or rescheduling of the testimony absent an emergency that [Musk] did not create and could not avoid."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was signed on September 20, 2024.

_____
ROBIN ANDREWS
COUNSEL FOR SECURITIES AND
EXCHANGE COMMISSION