UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 23-mc-80253-JSC<br><br>**ORDER RE: SEC'S REQUEST FOR SANCTIONS**<br><br>Re: Dkt. No. 61 |

Before the Court is a joint discovery dispute letter regarding the SEC's request for sanctions against Elon Musk for his failure to appear for court-ordered testimony. (Dkt. No. 61.) In May 2024, the Court ordered Mr. Musk to comply with an SEC administrative deposition subpoena. (Dkt. No. 48 at 1.) On May 31, 2024, at the parties' request, the Court limited the circumstances and manner in which such deposition could be rescheduled:

> The agreed-upon date and time may be rescheduled only upon written consent of the SEC or order of the Court, and Respondent shall not seek delay or rescheduling of the testimony absent an emergency that Respondent did not create and could not avoid.

(Dkt. No. 53 at 3.)

The parties agreed Mr. Musk would testify on September 10, 2024. (Dkt. No. 61-1 ¶ 3.) On September 9, 2024, three SEC lawyers flew to Los Angeles for the testimony. (*Id.* ¶ 4.) The morning of September 10, 2024, Mr. Musk's counsel informed SEC counsel Mr. Musk was "unable to attend the testimony" because his "obligations as Chief Technology Officer of SpaceX required he urgently travel to the East Coast yesterday for the high-risk Polaris Dawn launch," the timing of which "was highly weather-dependent and beyond Mr. Musk's control." (*Id.* ¶ 5.) The parties went back and forth on a date to reschedule the testimony, ultimately selecting October 3,

1  2024. (*Id.* ¶¶ 10-11; Dkt. No. 61-2 ¶ 2.)

2  On September 27, 2024, the parties appeared before the Court for the informal discovery
3  conference they requested. The Court observed the May 31, 2024 court order was violated and
4  emphasized the importance of Mr. Musk appearing at the October 3, 2024 deposition.

5  Mr. Musk appeared for testimony on October 3, 2024. (Dkt. No. 61-1 ¶ 11; Dkt. No. 62-2
6  ¶ 5.) The parties then met and conferred about sanctions. The SEC "asked Musk to stipulate to an
7  order: (1) finding that Musk violated the May 31, 2024 Order when he failed to appear for his
8  September 10 testimony; and (2) ordering that Musk pay the SEC $2,923.09 to compensate the
9  SEC for its travel costs for that testimony." (Dkt. No. 61-1 ¶ 12.) "In response, Musk agreed to
10 pay the $2,923.09, but refused to agree to any finding that he violated the May 31, 2024 Order."
11 (*Id.*)

12 The SEC now asks the Court to find Mr. Musk violated the May 31, 2024 order and
13 impose sanctions totaling $2,923.09 for the SEC's travel costs. Mr. Musk argues such a request is
14 moot, "because Mr. Musk has complied with [the court's] order by providing the required
15 testimony." (Dkt. No. 61 at 5.)

16 The Court DENIES the SEC's request. "Civil contempt sanctions . . . are employed for
17 two purposes: to coerce the defendant into compliance with the court's order, and to compensate
18 the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th
19 Cir. 1992). A finding that Mr. Musk violated the Court's May 31, 2024 order does not accomplish
20 either. As to the former, coercion is unnecessary because Mr. Musk already appeared at the
21 deposition. As to the latter, it is undisputed Mr. Musk agreed to compensate the SEC for the
22 losses sustained in the form of travel costs, so a court order compelling payment is unnecessary.
23 (Dkt. No. 61-1 ¶ 12; 61-2 ¶ 6.) Because the present circumstances "forestall[] any occasion for
24 meaningful relief that the court could grant," the SEC's request is moot. *See Lasar v. Ford Motor*
25 *Co.*, 399 F.3d 1101, 1108 (9th Cir. 2005); *see also Thomassen v. United States*, 835 F.2d 727, 731
26 (9th Cir. 1987) ("A long line of precedent holds that once a civil contempt order is purged, no live
27 case or controversy remains for adjudication."); *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.)
28 (concluding controversy was moot where party "purge[d] himself of contempt by making the

United States District Court
Northern District of California

required payments").

Where a live controversy "is inextricably intertwined with the contempt issue and [the court] [is] capable of providing relief," the court has jurisdiction. *See Thomassen,* 835 F.2d at 731–32. In *Thomassen*, for example, the party who purged the contempt by making the required payment sought "the return of the attorney fee award he was forced to pay to secure his release from prison"; thus, the Ninth Circuit had jurisdiction to consider the contempt order. Here, in contrast, there is no live controversy on which to tether a civil contempt finding. For this reason, the cases the SEC cites are distinguishable. In those cases, the court's finding of civil contempt for failure to appear at a deposition was paired with an award of sanctions. *See Jazwares, LLC v. Perez*, No. C 22-00094 WHA, 2022 WL 1202861, at *2 (N.D. Cal. Apr. 22, 2022); *Pac. Coast Surgical Ctr., L.P. v. Scottsdale Ins. Co.*, No. 2:18-CV-03904-PSG-KSx, 2019 WL 4267764, at *8 (C.D. Cal. July 31, 2019), *aff'd,* 823 F. App'x 551 (9th Cir. 2020). Here, in contrast, Mr. Musk has offered to pay the monetary sanctions the SEC now seeks. (Dkt. No. 61-1 ¶ 12; 61-2 ¶ 6.)

Because the Court previously found Mr. Musk violated the deposition order, and because the Court cannot afford a remedy Mr. Musk has not already agreed to provide, the Court DENIES the SEC's request.

This Order disposes of Docket No. 61.

**IT IS SO ORDERED.**

Dated: November 22, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

3